IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

```
-----------------------------------------------------x
VDARE FOUNDATION, INC.,                :
                                       :
                 Plaintiff-Appellant,  :          Appeal No. 23-1084
                                       :      Dist. Ct. No.: 1:22-cv-01337 (FJS/CHF)
-against-                              :
                                       :
LETITIA JAMES, in her official capacity as  :
Attorney General of the State of New York  :        ADDENDUM A
                                       :      TO CIVIL APPEAL PRE-ARGUMENT
                 Defendant-Appellee,   :         STATEMENT (FORM C)
                                       :
                                       :
-----------------------------------------------------x
```

Pursuant to the requirements of Form C, Plaintiff-Appellant VDARE Foundation, Inc., hereby submits Addendum "A" containing the following elements:

**1. A Brief, but not Perfunctory, Description of the Nature of the Action**

VDARE Foundation filed a four-count Verified Complaint for a) Declaratory Relief under the 1st Amdt., seeking a declaration that a subpoena issued by Defendant-Appellee Letitia James, as Attorney General of New York, infringes speech and associational rights regarding anonymous contractors and vendors; b) Relief under Section 1983 for 1st and 14th Amdt. retaliation (subpoena issuance) for protected speech; c) Relief under Art. I, Sec. 8, of the N.Y. Constitution for retaliation (subpoena issuance) for protected speech; and d) Injunctive relief, enjoining the subpoena on the basis of the retaliation and unconstitutional probity of anonymous contractors and vendors.

In furtherance of its claims, it sought a preliminary injunction to enjoin enforcement of the subpoena.

**2. The Result Below**

The Motion for a Preliminary Injunction was denied (ECF No. 50).

RANDAZZA | LEGAL GROUP

3.  **A copy of the Notice of Appeal and a Current Copy of the Lower Court Docket Sheet**

    A copy of the Notice of Appeal, ECF No. 53, appears at **<u>Exhibit 1</u>**, attached hereto.

    A copy of the current lower court docket sheet appears at **<u>Exhibit 2</u>**, attached hereto.

4.  **A Copy of all Relevant Opinions/Orders Forming the Basis for this Appeal**

    The District Court Order of June 27, 2023, (ECF No. 50), forming the basis of this appeal,

appears at **<u>Exhibit 3</u>**, attached hereto.

Dated: August 10, 2023.

/s/ Jay M. Wolman
Jay M. Wolman
RANDAZZA LEGAL GROUP, PLLC
*Office Address:*
43-10 Crescent Street, Ste. 1217
Long Island City, NY 11101
*Mailing Address:*
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel:  888-887-1776
ecf@randazza.com

Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: 888-887-1776
ecf@randazza.com

*Attorneys for Plaintiff-Appellant,,*
*VDARE FOUNDATION, INC.*

RANDAZZA | LEGAL GROUP

# __Exhibit 1__

Notice of Appeal
ECF No. 53

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

VDARE FOUNDATION, INC.,                   :
                                          :
                        Plaintiff,        :
                                          :       Civil Action No. 22-cv-1337 (FJS/CFH)
            - vs -                        :
                                          :
LETITIA JAMES, in her official capacity as :      **NOTICE OF APPEAL**
Attorney General of the State of New York, :
                                          :
                        Defendant.        :
                                          :
                                          :
-------------------------------------------------------x

      **PLEASE TAKE NOTICE** that Plaintiff, VDARE Foundation, Inc., hereby appeals to the

United States Court of Appeals for the Second Circuit from the Memorandum-Decision and Order

entered in the above-captioned action on June 27, 2023, (ECF No. 50).


Dated: July 27, 2023                      /s/ Jay M. Wolman
                                          _____
                                          Jay M. Wolman
                                          RANDAZZA LEGAL GROUP, PLLC
                                          *Office Address:*
                                          43-10 Crescent Street, Ste. 1217
                                          Long Island City, NY 11101
                                          *Mailing Address:*
                                          100 Pearl Street, 14th Floor
                                          Hartford, CT 06103
                                          Tel:  888-887-1776
                                          ecf@randazza.com

                                          Marc J. Randazza
                                          RANDAZZA LEGAL GROUP, PLLC
                                          30 Western Avenue
                                          Gloucester, MA 01930
                                          Tel: 888-887-1776
                                          ecf@randazza.com

                                          *Attorneys for Plaintiff,*
                                          *VDARE FOUNDATION, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2023, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ Jay M. Wolman
Jay M. Wolman

# **<u>Exhibit 2</u>**

Lower Court Docket Sheet
Case No. 1:22-cv-01337 (FJS/CHF)
Retrieved August 10, 2023

APPEAL,MANDATORY-MEDIATION

# U.S. District Court
# Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.7 (Revision 1.7.1.2)] (Albany)
# CIVIL DOCKET FOR CASE #: 1:22-cv-01337-FJS-CFH

| | |
|---|---|
| VDARE Foundation, Inc. v. James | Date Filed: 12/12/2022 |
| Assigned to: Senior Judge Frederick J. Scullin, Jr | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Christian F. Hummel | Nature of Suit: 440 Civil Rights: Other |
| Cause: 28:1331 Federal Question: Other Civil Rights | Jurisdiction: Federal Question |

**Plaintiff**

**VDARE Foundation, Inc.**                   represented by **Andrew J Frisch**
Andrew J. Frisch
40 Fulton Street
New York, NY 10038
212-285-8000
Fax: 646-304-0352
Email: afrisch@andrewfrisch.com
*TERMINATED: 04/25/2023*
*LEAD ATTORNEY*

**Jay Marshall Wolman**
Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
702-420-2001
Email: jmw@randazza.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frederick C. Kelly , III**
Frederick C. Kelly, Esq.
One Harriman Square
P.O. Box 60
Goshen, NY 10924
845-295-7945
Email: fckellylaw@protonmail.com
*TERMINATED: 12/21/2022*

**Marc J. Randazza**
Randazza Legal Group, PLLC
4974 S. Rainbow Blvd. - Suite 100
Las Vegas, NV 89118
702-420-2001
Email: mjr@randazza.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | |
|---|---|
| **Letitia James**<br>*in her official capacity as Attorney General*<br>*of the State of New York* | represented by **Alexander S. Mendelson**<br>NYS Office of The Attorney General<br>28 Liberty Street<br>New York, NY 10005<br>212-416-8990<br>Email: alexander.mendelson@ag.ny.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Rick Sawyer**<br>NYS Office of The Attorney General<br>28 Liberty Street<br>New York, NY 10005<br>212-416-6182<br>Email: richard.sawyer@ag.ny.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Catherine Suvari**<br>U.S. Attorney's Office- District of<br>Connecticut<br>137 Church Street, 24th Floor<br>New Haven, CT 06510<br>203-821-3710<br>Email: Catherine.Suvari@usdoj.gov<br>*TERMINATED: 04/05/2023*<br><br>**Yael Fuchs**<br>NYS Office of The Attorney General<br>28 Liberty Street - 19th Floor<br>New York, NY 10005<br>212-416-8391<br>Email: yael.fuchs@ag.ny.gov<br>*TERMINATED: 05/09/2023* |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/12/2022 | 1 | VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF against Letitia James (Filing fee $402 receipt number ANYNDC-6128995) filed by VDARE Foundation, Inc. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet)(pjh, ) (Entered: 12/13/2022) |
| 12/13/2022 | 2 | Summons Issued as to Letitia James. (pjh, ) (Entered: 12/13/2022) |
| 12/13/2022 | 3 | G.O. 25 FILING ORDER ISSUED: Initial Conference set for 3/13/2023 at 9:00 AM in Albany before Magistrate Judge Christian F. Hummel. Civil Case Management Plan must be filed and Mandatory Disclosures are to be exchanged by the parties on or before 3/6/2023. (Pursuant to Local Rule 26.2, mandatory disclosures are to be exchanged among the parties but are NOT to be filed with the Court.) (pjh, ) (Entered: 12/13/2022) |
| 12/20/2022 | 4 | NOTICE of Appearance by Frederick C. Kelly, III on behalf of VDARE Foundation, Inc. (Kelly, Frederick) (Entered: 12/20/2022) |

| | | |
|---|---|---|
| 12/21/2022 | 5 | NOTICE by VDARE Foundation, Inc. *Withdrawal of Appearance* (Kelly, Frederick) (Entered: 12/21/2022) |
| 12/22/2022 | 6 | NOTICE of Appearance by Yael Fuchs on behalf of Letitia James (Fuchs, Yael) (Entered: 12/22/2022) |
| 12/22/2022 | 7 | First MOTION for Extension of Time to File Answer filed by Letitia James. Response to Motion due by 1/12/2023 Motions referred to Christian F. Hummel. (Fuchs, Yael) (Entered: 12/22/2022) |
| 12/22/2022 | 8 | AFFIDAVIT of Service for Personal served on NYS Attorney General via her authorized representative on December 14, 2022, filed by VDARE Foundation, Inc.. (Frisch, Andrew) (Entered: 12/22/2022) |
| 12/28/2022 | 9 | TEXT ORDER granting 7 First MOTION for Extension of Time to File Answer filed by Letitia James. Letitia James answer due 1/18/2023. Authorized by Magistrate Judge Christian F. Hummel on 12/28/2022. (tab) (Entered: 12/28/2022) |
| 01/03/2023 | 10 | Letter Motion from Andrew J. Frisch for VDARE Foundation, Inc. requesting Rescheduling of Conference submitted to Judge Christian F. Hummel . (Frisch, Andrew) (Entered: 01/03/2023) |
| 01/04/2023 | 11 | TEXT ORDER granting 10 Letter Motion from Andrew J. Frisch for VDARE Foundation, Inc. requesting Rescheduling of Conference : The Civil Case Management Plan must be filed and Mandatory Disclosures are to be exchanged by the parties on or before 3/28/2023. (Pursuant to Local Rule 26.2, mandatory disclosures are to be exchanged among the parties but are NOT to be filed with the Court.) The Initial Conference is reset for 4/5/2023 @ 10:00 AM. **The conference will be conducted by telephone. The Court will issue a separate notice setting forth the instructions to connect to the conference call in advance of the scheduled date and time** . Authorized by Magistrate Judge Christian F. Hummel on 1/4/2023. (tab) (Entered: 01/04/2023) |
| 01/18/2023 | 12 | MOTION to Dismiss for Failure to State a Claim filed by Letitia James. Motion returnable before Senior District Judge Frederick J. Scullin, Jr., MOTION to Dismiss for Lack of Subject Matter Jurisdiction filed by Letitia James. Motion returnable before Senior District Judge Frederick J. Scullin, Jr. Response to Motion due by 2/8/2023. Reply to Response to Motion due by 2/15/2023 (Attachments: # 1 Memorandum of Law, # 2 Declaration of Yael Fuchs, # 3 Exhibit(s) A State Court Petition, # 4 Exhibit(s) B 2020 Form 990, # 5 Exhibit(s) C 2019 Form 990, # 6 Exhibit(s) D 2018 Form 990, # 7 Exhibit(s) E Frisch Affirmation, # 8 Exhibit(s) F Deed from VDARE to BCF, # 9 Exhibit(s) G Deed from VDARE to BBB, # 10 Exhibit(s) H BCF Certificate of Incorporation, # 11 Exhibit(s) I BBB Certificate of Incorporation, # 12 Exhibit(s) J Lease from Lydia Brimelow to BBB, # 13 Exhibit(s) K Subpoena, # 14 Exhibit(s) L Facebook Report, # 15 Exhibit(s) M Facebook Subpoenas, # 16 Exhibit(s) N Letter, # 17 Exhibit(s) O Letter, # 18 Exhibit(s) P Letter, # 19 Exhibit(s) Q Letter, # 20 Exhibit(s) R Letter, # 21 Exhibit(s) S Letter, # 22 Exhibit(s) T Letter) (Fuchs, Yael) Modified on 2/8/2023 to correct name of Judge who will be handling the motion. (rep). (Entered: 01/18/2023) |
| 01/26/2023 | 13 | MOTION for Limited Admission Pro Hac Vice of Catherine Suvari Filing fee $100, receipt number ANYNDC-6175865. Motions referred to Christian F. Hummel. (Fuchs, Yael) (Entered: 01/26/2023) |
| 01/26/2023 | 14 | MOTION for Limited Admission Pro Hac Vice of Richard Sawyer Filing fee $100, receipt number ANYNDC-6175682. (Attachments: # 1 Petition for Admission to Practice, # 2 Certificate of Good Standing, # 3 Declaration of Sponsor, # 4 Attorney Registration Form) Motions referred to Christian F. Hummel. (Fuchs, Yael) (Entered: 01/26/2023) |

| 01/26/2023 | 15 | NOTICE by Letitia James *re Decision and Order in related state case* (Fuchs, Yael) (Entered: 01/26/2023) |
|---|---|---|
| 01/27/2023 | 16 | TEXT ORDER: The Court will be treating the 15 Notice as a supplement to Defendant's motion to dismiss, Dkt. No 12 , to which Plaintiff should respond to in its opposition to the motion. Plaintiff is permitted an additional 5 pages in its memorandum of law in opposition to Defendant's motion in light of the length of Defendant's supplemental submission. IT IS SO ORDERED by Senior Judge Frederick J. Scullin, Jr on January 27, 2023. (rep) Modified on 2/8/2023 to correct hyperlink (rep). (Entered: 01/27/2023) |
| 01/30/2023 | 17 | TEXTORDER granting 13 Motion for Limited Admission Pro Hac Vice of Catherine Suvari, Esq. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. <u>You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.</u>** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions-nextgen. Authorized by Magistrate Judge Christian F. Hummel on 1/30/2023. (tab) (Entered: 01/30/2023) |
| 01/30/2023 | 18 | TEXT ORDER granting 14 Motion for Limited Admission Pro Hac Vice of Richard Sawyer, Esq. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. <u>You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.</u>** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions-nextgen. Authorized by Magistrate Judge Christian F. Hummel on 1/30/2023. (tab) (Entered: 01/30/2023) |
| 01/31/2023 | 19 | NOTICE of Appearance by Catherine Suvari on behalf of Letitia James (Suvari, Catherine) (Entered: 01/31/2023) |
| 02/06/2023 | 20 | First MOTION for Extension of Time to File Response/Reply *to Defendant's Motion to Dismiss* filed by VDARE Foundation, Inc.. Response to Motion due by 2/27/2023 Motions referred to Christian F. Hummel. (Frisch, Andrew) (Entered: 02/06/2023) |
| 02/07/2023 | 21 | TEXT ORDER granting 20 First MOTION for Extension of Time to File Response/Reply *to Defendant's Motion to Dismiss* filed by VDARE Foundation, Inc. Plaintiff's Response to Motion due by 2/15/2023; The Reply to Response to Motion now due by 3/1/2023. Authorized by Magistrate Judge Christian F. Hummel on 2/7/2023. (tab) (Entered: 02/07/2023) |
| 02/10/2023 | 22 | Second MOTION for Extension of Time to File Response/Reply filed by VDARE Foundation, Inc.. Response to Motion due by 3/3/2023 (Attachments: # 1 Declaration) Motions referred to Christian F. Hummel. (Frisch, Andrew) (Entered: 02/10/2023) |
| 02/13/2023 | 23 | TEXT ORDER granting 22 Motion for Extension of Time to File Response/Reply filed by VDARE Foundation, Inc.: Response to Motion due by 2/22/2023. Reply to Response to Motion due by 3/8/2023. Authorized by Magistrate Judge Christian F. Hummel on 2/13/2023. (tab) (Entered: 02/13/2023) |
| 02/13/2023 | 24 | NOTICE OF APPEARANCE by Rick Sawyer on behalf of Letitia James (Sawyer, Rick) (Entered: 02/13/2023) |
| 02/22/2023 | 25 | AFFIDAVIT in Opposition re 12 MOTION to Dismiss for Failure to State a Claim filed by Letitia James. Motion returnable before Senior Judge Frederick J. Scullin, Jr. MOTION to Dismiss for Lack of Subject Matter Jurisdiction filed by Letitia James. Motion returnable |

| | | |
|---|---|---|
| | | before Senior Judge Frederick J. Scullin, Jr. filed by VDARE Foundation, Inc.. (Attachments: # [1](#) Exhibit(s) A, # [2](#) Exhibit(s) B, # [3](#) Exhibit(s) C, # [4](#) Exhibit(s) D, # [5](#) Exhibit(s) E, # [6](#) Exhibit(s) F, # [7](#) Exhibit(s) G, # [8](#) Exhibit(s) H, # [9](#) Exhibit(s) I, # [10](#) Exhibit(s) J, # [11](#) Exhibit(s) K, # [12](#) Exhibit(s) L, # [13](#) Exhibit(s) M, # [14](#) Exhibit(s) N, # [15](#) Exhibit(s) O, # [16](#) Exhibit(s) P, # [17](#) Exhibit(s) Q, # [18](#) Exhibit(s) R, # [19](#) Exhibit(s) S) (Frisch, Andrew) Modified on 2/23/2023 to correct Judge's name. (rep, ). (Entered: 02/22/2023) |
| 02/22/2023 | [26](#) | MEMORANDUM OF LAW filed by VDARE Foundation, Inc.. (Frisch, Andrew) (Entered: 02/22/2023) |
| 03/08/2023 | [27](#) | RESPONSE in Support re [12](#) MOTION to Dismiss for Failure to State a Claim filed by Letitia James. Motion returnable before Judge Christian F. Hummel MOTION to Dismiss for Lack of Subject Matter Jurisdiction filed by Letitia James. Motion returnable before Judge Christian F. Hummel *REPLY* filed by Letitia James. (Suvari, Catherine) (Entered: 03/08/2023) |
| 03/14/2023 | [28](#) | NOTICE by Letitia James *re Decision and Order in related State case* (Fuchs, Yael) (Entered: 03/14/2023) |
| 03/21/2023 | [29](#) | Emergency MOTION for Temporary Restraining Order *and preliminary injunction* by VDARE Foundation, Inc.. (Attachments: # [1](#) Memorandum of Law, # [2](#) Declaration) (Frisch, Andrew) Modified on 3/27/2023 - to clarify docket text (rep). (Entered: 03/21/2023) |
| 03/21/2023 | [30](#) | AMENDED DOCUMENT/CORRECTED MEMORANDUM OF LAW: Re: [29](#) Emergency TRO, by VDARE Foundation, Inc.. . (Frisch, Andrew) Modified on 3/22/2023 to clarify docket text (rep). (Entered: 03/21/2023) |
| 03/21/2023 | 31 | TEXT NOTICE: The Rule 16 Initial Conference scheduled for April 5, 2023 at 10:00am before Magistrate Judge Christian F. Hummel and the deadline to submit a proposed Civil Case Management Plan and exchange Mandatory Disclosures are ADJOURNED without date pending a decision on the dispositive motion. (tab) (Entered: 03/21/2023) |
| 03/22/2023 | | CLERK'S CORRECTION OF DOCKET ENTRY: The clerk notes that plaintiff filed the [30](#) Amended Memorandum of Law to remove several blank pages that were found in the original [29](#) motion. (rep) (Entered: 03/22/2023) |
| 03/27/2023 | [32](#) | ORDER: The Court hereby ORDERS that Plaintiff's motion for a temporary restraining order, see Dkt. No. [29](#) , is DENIED; and the Court further ORDERS that Defendant shall file her opposition to Plaintiff's motion for a preliminary injunction, see Dkt. No. [29](#) , on or before **April 10, 2023**; and the Court further ORDERS that Plaintiff shall file its reply to Defendant's opposition to its motion for a preliminary injunction on or before **April 17, 2023**; and the Court further ORDERS that the Court shall decide the motion based on the parties' submissions. Signed by Senior Judge Frederick J. Scullin, Jr on March 27, 2023. (rep) (Entered: 03/27/2023) |
| 04/05/2023 | [33](#) | NOTICE by Letitia James *of Withdrawal of Counsel* (Suvari, Catherine) (Entered: 04/05/2023) |
| 04/10/2023 | [34](#) | RESPONSE in Opposition re [29](#) Emergency MOTION for Temporary Restraining Order filed by Letitia James. (Sawyer, Rick) (Entered: 04/10/2023) |
| 04/10/2023 | [35](#) | AFFIDAVIT in Opposition re [29](#) Emergency MOTION for Temporary Restraining Order *by Yael Fuchs* filed by Letitia James. (Attachments: # [1](#) Exhibit(s) A (12/16/22 Fuchs Aff.), # [2](#) Exhibit(s) B (Subpoena), # [3](#) Exhibit(s) C (9/19/22 Frisch Letter), # [4](#) Exhibit(s) D (11/28/22 Frisch Letter), # [5](#) Exhibit(s) E (12/2/22 OAG Letter), # [6](#) Exhibit(s) F (State Court Petition), # [7](#) Exhibit(s) G (Oral Argument Tr.), # [8](#) Exhibit(s) H (State Court Order), |

| | | |
|---|---|---|
| | | # 9 Exhibit(s) I (OAG's Proposed Protective Order), # 10 Exhibit(s) J (VDARE's Motion for Stay), # 11 Exhibit(s) K (OAG's Opposition), # 12 Exhibit(s) L (Order Denying Stay), # 13 Exhibit(s) M (1/3/22 Frisch Affirmation))(Sawyer, Rick) (Entered: 04/10/2023) |
| 04/17/2023 | 36 | MOTION to Withdraw as Attorney filed by VDARE Foundation, Inc.. Response to Motion due by 5/8/2023 (Attachments: # 1 Declaration) Motions referred to Christian F. Hummel. (Frisch, Andrew) (Entered: 04/17/2023) |
| 04/17/2023 | 37 | TEXT ORDER: The Court is in receipt of Plaintiff's counsel's 36 motion to withdraw as counsel at his client's request. The Court GRANTS the motion. The Court directs Plaintiff that it must have new counsel file a Notice of Appearance and a reply in further support of Plaintiff's motion for a preliminary injunction on or before **April 24, 2023**. Failure to do so will result in DENIAL of Plaintiffs 29 motion for a preliminary injunction. IT IS SO ORDERED by Senior Judge Frederick J. Scullin, Jr on April 17, 2023. (rep) Modified on 4/17/2023 to correct bold text. (rep). (Entered: 04/17/2023) |
| 04/24/2023 | 38 | REPLY to Response to Motion re 29 Emergency MOTION for Temporary Restraining Order filed by VDARE Foundation, Inc.. (Wolman, Jay) (Entered: 04/24/2023) |
| 04/24/2023 | 39 | AFFIDAVIT in Support re 29 Emergency MOTION for Temporary Restraining Order filed by VDARE Foundation, Inc.. (Attachments: # 1 Exhibit(s) A - OAG Memorandum of Law, # 2 Exhibit(s) B - 11 News Article, # 3 Exhibit(s) C - Washington Post Article, # 4 Exhibit(s) D - VDARE Article, # 5 Exhibit(s) E - Washington Post Article, # 6 Exhibit(s) F - Declaration of Lydia Brimelow, # 7 Exhibit(s) G - Affidavit of VDARE Lady Reader, # 8 Exhibit(s) H - Affidavit of Federale)(Wolman, Jay) (Entered: 04/24/2023) |
| 04/24/2023 | 40 | NOTICE OF APPEARANCE by Jay Marshall Wolman on behalf of VDARE Foundation, Inc. (Wolman, Jay) (Entered: 04/24/2023) |
| 04/25/2023 | 41 | NOTICE OF ADMISSION REQUIREMENT as to Party Plaintiff; Attorney Marc J. Randazza, Email address is ecf@randazza.com. Phone number is 888-887-1776. Admissions due by 5/9/2023. (khr) Emailed a copy to the Attorney on 4/25/2023. (Entered: 04/25/2023) |
| 04/28/2023 | 42 | MOTION to Strike *docket entries 39-2 through 39-8 and all portions of docket entry 38 relying on those documents* filed by Letitia James. Response to Motion due by 5/19/2023 (Attachments: # 1 Memorandum of Law) Motions referred to Christian F. Hummel. (Sawyer, Rick) (Entered: 04/28/2023) |
| 04/28/2023 | 43 | NOTICE by VDARE Foundation, Inc. re 29 Emergency MOTION for Temporary Restraining Order (Attachments: # 1 Exhibit(s) A - Redacted Affidavit, # 2 Exhibit(s) B - Redacted Affidavit)(Wolman, Jay) (Entered: 04/28/2023) |
| 05/02/2023 | 44 | TEXT ORDER: The Court is in receipt of Defendant's motion to strike certain documents or in the alternative for permission to file a sur-reply 42 and Plaintiff's Notice regarding 2 additional affidavits 43 . The Court denies Defendant's motion to strike certain documents and grants Defendant's motion to file a sur-reply addressing the documents mentioned in her motion to strike the documents mentioned in her 42 motion as well as the documents attached to Plaintiff's 43 Notice as they pertain to Plaintiff's motion for a preliminary injunction. Defendant shall file its sur-reply, not to exceed 10 pages, on or before May 10, 2023. The Court will strike any other documents that the parties attempt to file regarding the pending motion for a preliminary injunction. IT IS SO ORDERED by Senior Judge Frederick J. Scullin, Jr on May 2, 2023. (rep) (Entered: 05/02/2023) |
| 05/04/2023 | 45 | NOTICE OF APPEARANCE by Alexander S. Mendelson on behalf of Letitia James (Mendelson, Alexander) (Entered: 05/04/2023) |

| 05/09/2023 | 46 | Letter Motion from Alexander Mendelson, Assistant Attorney General for Letitia James requesting that the Court direct the Clerk of Court to remove Assistant Attorney General Yael Fuchs as counsel to Defendant and to remove Ms. Fuchs name and email address from the Court's ECF/CM notification list submitted to Judge Scullin . (Mendelson, Alexander) (Entered: 05/09/2023) |
| --- | --- | --- |
| 05/09/2023 | 47 | TEXT ORDER granting 46 Letter Motion from Alexander Mendelson, Assistant Attorney General for Letitia James requesting that the Court direct the Clerk of Court to remove Assistant Attorney General Yael Fuchs as counsel to Defendant. Authorized by Magistrate Judge Christian F. Hummel on 5/9/2023. (tab) (Entered: 05/09/2023) |
| 05/09/2023 | 48 | NOTICE by VDARE Foundation, Inc. re 41 Notice of Admission Requirement *of Marc J. Randazza* (Wolman, Jay) (Entered: 05/09/2023) |
| 05/10/2023 | 49 | RESPONSE in Opposition re 29 Emergency MOTION for Temporary Restraining Order *(Sur-Reply as authorized by D.E. 44)* filed by Letitia James. (Sawyer, Rick) (Entered: 05/10/2023) |
| 06/27/2023 | 50 | MEMORANDUM-DECISION AND ORDER: The Court hereby ORDERS that VDARE's motion for a preliminary injunction, see Dkt. No. 29 , is DENIED; and the Court furtherORDERS that each of the parties may supplement their prior submissions supporting or opposing Defendant's motion to dismiss, to address the issue of the effect of res judicata on that motion in a letter brief, not to exceed five pages, within thirty (30) days of the date of this Memorandum-Decision and Order. Signed by Senior Judge Frederick J. Scullin, Jr on June 27, 2023. (rep) (Entered: 06/27/2023) |
| 06/27/2023 | | Set Deadlines: Deadline to file supplement is 7/27/2023. (rep) (Entered: 06/27/2023) |
| 07/27/2023 | 51 | RESPONSE in Support re 12 MOTION to Dismiss for Failure to State a Claim filed by Letitia James. Motion returnable before Judge Frederick J. Scullin, Jr.. MOTION to Dismiss for Lack of Subject Matter Jurisdiction filed by Letitia James. Motion returnable before Judge Frederick J. Scullin, Jr. filed by Letitia James. (Sawyer, Rick) Modified on 7/29/2023 to correct Judge's name (rep, ). (Entered: 07/27/2023) |
| 07/27/2023 | 52 | NOTICE OF APPEARANCE by Marc J. Randazza on behalf of VDARE Foundation, Inc. (Randazza, Marc) (Entered: 07/27/2023) |
| 07/27/2023 | 53 | NOTICE OF APPEAL as to 50 Order on Motion for TRO,, by VDARE Foundation, Inc.. Filing fee $ 505, receipt number ANYNDC-6387101. (Wolman, Jay) (Entered: 07/27/2023) |
| 07/27/2023 | 54 | RESPONSE in Opposition re 12 MOTION to Dismiss for Failure to State a Claim filed by Letitia James. Motion returnable before Judge Frederick J. Scullin, Jr. MOTION to Dismiss for Lack of Subject Matter Jurisdiction filed by Letitia James. Motion returnable before Judge Frederick J. Scullin, Jr. filed by VDARE Foundation, Inc.. (Wolman, Jay) Modified on 7/29/2023 to correct Judge's name (rep, ). (Entered: 07/27/2023) |
| 07/28/2023 | 55 | ELECTRONIC NOTICE AND CERTIFICATION sent to US Court of Appeals re 53 Notice of Appeal (khr) (Entered: 07/28/2023) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 08/10/2023 12:42:48 | | |
| **PACER Login:** | marcorandazza | **Client Code:** | VDARE |

| **Description:** | Docket Report | **Search Criteria:** | 1:22-cv-01337-FJS-CFH |
|---|---|---|---|
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

# **<u>Exhibit 3</u>**

Order
ECF No. 50

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

VDARE FOUNDATION, INC.,

                                        **Plaintiff,**

                v.                                                    **1:22-CV-1337**
                                                                          **(FJS/CFH)**
LETITIA JAMES, in her official capacity as
Attorney General of the State of New York,

                                        **Defendant.**
_____

APPEARANCES                                         OF COUNSEL

**RANDAZZA LEGAL GROUP, PLLC**            **JAY MARSHALL WOLMAN, ESQ.**
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**                      **ALEXANDER S. MENDELSON, AAG**
**STATE ATTORNEY GENERAL**                   **RICK SAWYER, AAG**
28 Liberty Street
New York, New York 10005
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER[1]

## I. INTRODUCTION

        Pending before the Court is Plaintiff's motion for a preliminary injunction.  *See* Dkt. No.

29.  Defendant opposes the motion.  *See* Dkt. No. 34.

---

[1] All references to page numbers in documents filed in this case are to the page numbers that the
Court's CM/ECF System generates and appear in the upper right corners of those pages.

## II. DISCUSSION

On December 12, 2022, Plaintiff VDARE Foundation, Inc. (hereinafter "Plaintiff" or "VDARE") commenced this action by the filing of a Verified Complaint for declaratory and injunctive relief.  *See* Dkt. No. 1, Complaint.  According to the Complaint, VDARE "is a non-profit foundation recognized by the IRS as a 501(c)(3) educational organization organized and existing under the laws of the State of New York, but with a principal place of business in Berkeley Springs, West Virginia." *See id.* at ¶ 1.  Furthermore, "VDARE was founded to support the efforts of VDARE.com, a non-profit web magazine . . . [and] is literally a mom-and-pop operation, run by Peter and Lydia Brimelow, husband and wife, with limited staff and resources." *See id.* at ¶ 2.

VDARE states that "the Court has subject matter jurisdiction because this action involves claims based on the First and Fourteenth Amendments to the United States Constitution, and because this action seeks to prevent state officials from interfering with federal rights." *See id.* at 4.  Furthermore, VDARE asserts that "subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1343(a)(3) because this action is brought to redress deprivations under color of state law of rights, privileges, and immunities secured by the United States Constitution." *See id.* Finally, VDARE states that "the Court has supplemental jurisdiction over state law claims asserted in this action[.]" *See id.*

According to VDARE, "Brimelow with an editorial collective of several other journalists started VDARE.com to publish articles critical of the immigration policy of the United States." *See id.* at ¶ 8.  "Throughout its existence, VDARE has published pieces that criticize current United States immigration policy for various reasons and from a variety of angles and

perspectives. VDARE's editorial position in favor of limiting immigration is not based on any sort of aversion to immigrants. Brimelow is himself an immigrant and a naturalized United States citizen." *See id.* In addition, "[m]any of VDARE's editors and contributors, current and former, are immigrants or foreign nationals." *See id.* Plaintiff contends that "[s]tories originally published in VDARE have been positively cited by the New York Times, the Harvard Journal on Law and Public Policy, and many other publications." *See id.*

However, Plaintiff acknowledges that "VDARE is not without detractors . . . [and] has repeatedly been tarred with pejoratives such as 'white nationalist,' and 'racist[']." *See id.* at ¶ 9. "VDARE rejects these labels." *See id.* Plaintiff argues that, "[w]hatever the views of VDARE's detractors, its speech is non-violent and lawful and protected by the First Amendment to the United States Constitution." *See id.*

Plaintiff contends that "[u]se of pejoratives to describe VDARE has led to significant reputational and professional harm for those associated with it. On occasions when associations with VDARE have been disclosed or become public, people have lost employment, and contractors essential to VDARE's existence have opted to stop providing services. Venues which have agreed to host VDARE's conferences have faced pressure campaigns and threats. Such venues have sometimes cancelled contracts with VDARE." *See id.* at ¶ 10. Finally, Plaintiff asserts that, "[t]o protect its rights of speech and association, VDARE is vigilant about maintaining the privacy of those associated with it and does not disclose their identities unless required by law." *See id.* at ¶ 11.

According to Plaintiff, on June 24, 2022, Defendant issued a subpoena to VDARE, identifying 44 categories of demanded documents. *See id.* at ¶ 22. Among other things, Defendant demanded 'copies of transcripts to each deposition in the litigation between Peter

Brimelow and/or VDARE and the New York Times, and all documents produced by VDARE and/or Brimelow in connection with those proceedings.'" *See id.* at ¶ 23. VDARE explains that "[t]his demand referred to a lawsuit for libel filed by Brimelow against the New York Times for calling him an 'open white nationalist,' which he is not." *See id.*

On July 20, 2022, after a meet-and-confer with Assistant Attorneys General on July 18, 2022, an attorney then advising VDARE on responding to Defendant's subpoenas, requested in writing that she withdraw her subpoenas on grounds that they were pretexts aimed at VDARE's rights under the First Amendment to express positions critical of governmental officials and policy. *See id.* at ¶ 24. Defendant declined to withdraw the subpoenas. *See id.*

In August 2022, before a revised return date, VDARE engaged new counsel and directed him to comply with Defendant's subpoena. *See id.* at ¶ 25. Defendant acknowledged new counsel's need to get up to speed and his competing commitments and requested that VDARE produce "very basic corporate records" to demonstrate its intent to comply in advance of a "rolling production." *See id.* Between September 19 and November 21, 2022, VDARE produced approximately 6,000 pages of documents in response to Defendant's subpoena to Plaintiff after completing review of documents that VDARE maintained electronically and in hard copy. *See id.* at ¶ 25.

While making and before completing the production, VDARE advised Defendant of its position that production of the identities of many of its contractors would violate the First Amendment. *See id.* at ¶ 26. VDARE explained to Defendant that some contractors would face retribution if their association with VDARE were revealed and that VDARE otherwise risked losing services of contractors indispensable to its existence if their identities were disclosed, as had happened in the past. *See id.* VDARE cited several cases to support its position. *See id.*

VDARE proposed that Defendant identify specific contractors about which she was concerned, and VDARE could otherwise identify any contractor that might qualify as a "related party" within the meaning of New York law. *See id.* at ¶ 27. VDARE expressed its desire to make as robust a production as possible, proposing that the issue of disclosure of contractors' identities could be revisited if it did not prove to be an adequate solution or if a specific need arose. *See id.* Defendant rejected VDARE's proposals and requested that VDARE further articulate its objection to disclosure of the identities of vendors. *See id.*

In a letter dated October 31, 2022, VDARE again articulated its objection to disclosure of the identities of contractors and requested that the parties meet and confer on the issue. *See id.* at ¶ 28. VDARE advised Defendant that the identities of its contractors were indispensable to its work and their identities were inextricably intertwined with financial records, including on lists of banking transactions and associated copies of checks. *See id.* VDARE also advised Defendant that the work of its counsel, a sole practitioner reviewing all of its documents himself, to provide documents with redactions was labor-intensive, time-consuming and ongoing. *See id.* VDARE proposed in its letter of October 31, 2022, that the parties meet and confer to determine if they could find at least a temporary resolution of this issue. *See id.*

In addition, Plaintiff states that, in early October 2022, Defendant requested that VDARE provide a general outline of electronically-stored filed (emails) that it would need to collect for review and produce and begin collecting. *See id.* at ¶ 30. VDARE did so, advising that the universe of such files amounted to more than 40 gigabytes of data, providing a list of email custodians, and otherwise keeping Defendant updated as to the status of the review. *See id.* According to VDARE, the emails, like its paper documents, contain information about the identities of contractors whose association with VDARE is not required for any legitimate

oversight of VDARE by Defendant, and the disclosure of which would violate First Amendment protections and risk VDARE's existence.  *See id.*

On December 2, 2022, Defendant demanded VDARE's full compliance with its subpoena by December 12, 2022, or she would deem VDARE to be in non-compliance.  *See id.* at ¶ 32. Although VDARE advised Defendant of its concerns about unnecessary disclosure of identities of contractors, Defendant demanded that their identities be disclosed.  *See id.*  Furthermore, although Defendant had encouraged VDARE to make a rolling production as documents were reviewed, resulting in later decisions not to redact some information that had earlier been redacted, Defendant questioned the validity of VDARE's concerns.  *See id.*  Although VDARE had advised Defendant that redactions of identities of contractors were intertwined with its records and were otherwise time consuming and labor intensive to apply, Defendant demanded, by December 12, 2022, a log identifying each redaction of each contractor's identity in VDARE's production, and its prospective production of emails, as a precondition to a meet-and-confer about VDARE's constitutional objection to unnecessary disclosure of identities of contractors. *See id.* at ¶ 32.  Finally, VDARE contends that Defendant's position threatens its existence and reveals that her targeting of VDARE is a pretext because she disagrees with its constitutionally-protected speech.  *See id.* at ¶ 33.

Based on these allegations, VDARE asserts the following causes of action: (1) declaratory relief under the First Amendment; (2) violation of VDARE's First and Fourteenth Amendment rights under § 1983 by retaliating against VDARE based on its exercise of its rights of freedom of speech and association; (3) violation of VDARE's rights under Article I, Section 8 of the New York State Constitution by retaliating against VDARE based on the exercise of its

rights of freedom of speech and association; and (4) preliminary and permanent injunctions barring Defendant from enforcing her unconstitutional demands.

On December 14, 2022, two days after VDARE commenced its action in this Court, Defendant petitioned New York State Supreme Court, pursuant to New York Not for Profit Corporation Law, Estates, Powers and Trusts Law, Executive Law and CPLR Article 4, *see* Dkt. No. 35-6, State Court Petition, at ¶ 9, for an Order (i) compelling VDARE to comply without delay with the June 23, 2022 subpoena; (ii) ordering all documents produced to be unredacted (except for agreed upon redactions to donor and volunteer information); and (iii) granting such other and further relief as it deems just, proper, and appropriate, *see id.* at ¶ 6.

In support of her petition, Defendant asserted that (1) the subpoena was issued pursuant to a legally-authorized investigation for which there was a factual basis and that the requests in the Subpoena were reasonably related to that investigation; (2) VDARE had interposed no cognizable basis for delaying or withholding responsive document productions to Defendant; and (3) as a result, VDARE should be ordered to comply with the Subpoena without further delay. *See id.* at ¶¶ 29-31. Therefore, Defendant requested that the State Supreme Court enter a judgment and order (i) compelling VDARE to comply without delay with the June 23, 2022 Subpoena; (ii) ordering all documents produced to be unredacted (except for agreed upon redactions to donor and volunteer information); and (iii) granting such other and further relief as it deems just, proper, and appropriate. *See id.*

On January 19, 2023, the State Supreme Court heard oral argument and reserved decision on Defendant's petition. On January 23, 2023, the State Supreme Court issued a decision and order noting that the Subpoena sought documents (1) concerning VDARE's organizational structure; (2) compliance with conflict-of-interest policy requirements under New York law and

financial operations; (3) its purchase and conveyance of the Berkeley Springs Castle; and (4) transactions between VDARE and entities controlled by the Brimelows.  See Dkt. No. 15, State Supreme Court Decision, at 6.  The State Supreme Court also noted that, although VDARE had originally taken "the position that the Subpoena was unlawful and should be withdrawn[, o]n September 19, 2022, new counsel for [VDARE] agreed to comply with the Subpoena but asserted that a significant volume of electronically-stored and hard copy documents needed to be reviewed."  *See id.*  VDARE made its first production that day, consisting of 27 documents produced without Bates numbers and bearing unmarked redactions.  *See id.*  VDARE, however, provided no log to identify or explain the redactions.  *See id.*

The State Supreme Court further explained that, in the 12 weeks since its first September delivery, VDARE had produced "approximately 6,000 pages from its hard copy records . . . [and had] redacted that material without any explanation for how the material was chosen for redaction. "  *See id.*  Defendant asserted that "the redactions [were] extensive and ha[d] been applied across almost every category of document produced, including board meeting minutes, bank statements, internal accounting ledgers, credit card statements, invoices, financial records for the limited liability company (Happy Penguins LLC) from which [VDARE] had historically leased Peter Brimelow's services, and bank statements to accounts held personally by Peter and Lydia Brimelow."  *See id.*

Furthermore, the State Supreme Court noted that, "on October 23, 2022, Lydia Brimelow [had] represented that, with limited exceptions, [VDARE's] hard copy production was complete, and identified 22 unique email accounts containing approximately 40 gigabytes of potentially responsive electronically stored information."  *See id.*  VDARE's counsel had originally "stated that review of that material would be completed by November 21, 2022.  [VDARE] subsequently

proposed December 12, 2022, as the new deadline for completing email production." *See id.* at 6-7.

The State Supreme Court further noted that, on December 2, 2022, Defendant wrote to VDARE, "summarizing [her] concerns with the pace and scope of production, including [VDARE's] extensive redactions, and demanded that [VDARE] complete its subpoena compliance and produce a redaction log by December 12, 2022." *See id.* at 9.

In response to the petition, VDARE moved for an Order dismissing the special proceeding or alternatively staying the proceeding pending resolution of VDARE's federal action. *See id.* (footnote omitted). The State Supreme Court granted Defendant's motion to compel and denied VDARE's motion for a stay or dismissal. *See id.*

In its Decision and Order, the State Supreme Court explained that "[t]he requirements for the issuance of an investigatory subpoena duces tecum" were as follows: "'(1) that the issuing agency has authority to engage in the investigation and issue the subpoena, (2) that there is an authentic factual basis to warrant the investigation, and (3) that the evidence sought is reasonably related to the subject of the inquiry.'" *See* Dkt. No. 15 at 8 (quoting *Evergreen Ass'n, Inc. v. Schneiderman*, 153 A.D.3d 87, 96 (2017) (quoting *Matter of Abrams v. Thruway Food Market & Shopping Center, Inc.*, 147 A.D.2d 143, 147, 541 N.Y.S.2d 856; citing *Matter of Levin v. Murawski*, 59 N.Y.2d 35, 462 N.Y.S.2d 836, 449 N.E.2d 730, and *Matter of A'Hearn v. Committee on Unlawful Practice of Law of N.Y. County Lawyers' Assn.*, 23 N.Y.2d 916, 298 N.Y.S.2d 315, 246 N.E.2d 166)).

The State Supreme Court found that "New York State ha[d] a public policy interest in ensuring the robust regulation of tax-exempt charitable entities like [VDARE], and [Defendant] ha[d] authority to supervise and investigate such entities when misconduct was suspected." *See*

*id.* at 9.  The State Supreme Court also found that Defendant's Subpoena was "focused on subject matter areas that f[e]ll within the statutory provisions that govern[ed] not-for-profit corporations."  *See id.*  Furthermore, the State Supreme Court noted that "[t]he Not-for-Profit Corporation Law [("N-PCL")] provide[d] that entities like VDARE may be formed only for charitable purposes . . . and that charitable assets may not be distributed to members, directors or officers, . . ."  *See id.* (internal citations omitted).  Moreover, the State Supreme Court found that "[c]haritable entities [were] also subject to express requirements under the N-PCL for lawful operation, including requirements for a process by which compensation is set, . . .; processes for acquisition and 'sale or other disposition' of property . . .; creating and presenting complete and accurate financial reports . . .; a process for considering related party transactions, . . .; and a process for managing conflicts of interest. . . ."  *See id.* (internal citations omitted).

The State Supreme Court concluded that "[t]he Subpoena's requests demand[ed] the type of material that [would] permit [Defendant] to determine whether [VDARE] ha[d] complied with these requirements, including complete copies of [VDARE's] annual regulatory filings, financial transaction records, compensation records, and records of Board meetings and review."  *See id.* at 9-10.  The State Supreme Court found these documents would "permit [Defendant] to determine whether there ha[d] been any diversion of charitable assets, [*e.g.*,] through unlawful payments to for-profit corporations held by the Brimelows or other VDARE fiduciaries.  *See id.* at 10.  Furthermore, the State Supreme Court noted that "Article 7-A of the Executive Law authorize[d] [Defendant] to supervise charitable organizations that solicit in New York, and Article 7-A required [Defendant] to monitor such organizations to ensure that  . . .  a charity d[id] not solicit contributions under false pretenses or use the contributions it receive[d] in a manner

that [was] not 'substantially consistent' with the charity's stated purposes." *See id.* (citing Executive Law § 172-d).

In addition, the State Supreme Court noted that VDARE had "raised constitutional objections related to the First Amendment and therefore had the initial threshold burden to make a showing that production of the information sought would impair its First Amendment rights." *See id.* (citations omitted). The State Supreme Court, however, concluded that VDARE made "this argument on behalf of its donors and [Defendant] ha[d] agreed, initially to redact donors' and volunteers' identities." *See id.* Thus, the State Supreme Court concluded that VDARE had "not established that the Subpoena would impair [its] own First Amendment rights." *See id.*

Additionally, the State Supreme Court found that VDARE's "filings . . . underscore[d] the reasonableness of the Subpoena." *See id.* VDARE "admit[ed] the critical facts that first triggered [Defendant's] scrutiny – Peter Brimelow, [VDARE's] founder and director, and his wife, Lydia Brimelow, also a director, [had] used and continue[d] to use a $1.4 million charitable asset as their personal residence." *See id.* at 10-11 (citing Frisch Aff. (Doc. No. 37)). The State Supreme Court noted that VDARE argued that "the Brimelows paid rent to live in the cottage beginning in April 2021, however, the lease [was] between Lydia Brimelow and BBB, LLC, a West Virginia for-profit corporation she manage[d], and Lydia Brimelow [had] signed the document as both landlord and tenant." *See id.* (citing Frisch Aff. Ex. H (Doc. No. 45); Fuchs Aff. Ex. L (BBB, LLC registration showing Lydia Brimelow as manager)).

The State Supreme Court also found that VDARE's motion and accompanying papers fail[ed] to meet its burden of establishing the Subpoena's invalidity" and that VDARE, "which ha[d] partially complied with the [S]ubpoena for months, ha[d] not established why providing a redaction log for its already-produced documents raise[d] any First Amendment concerns or why

continuing production would pose a threat to its existence." *See id.*  The State Supreme Court

stated that, although VDARE argued "that redactions [were] required to protect the identities of

contractors – including writers who contribute[d] to the website – these were precisely the

records [Defendant sought] to examine in [her] investigation of [VDARE's] alleged

organizational misconduct." *See id.*  The State Supreme Court noted that, "[t]o the extent

anonymity is used to make violations of law, 'it is unprotected by the First Amendment.'" *See id.*

(quoting *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010)).

      The State Supreme Court also addressed the fact that "the only board member among

four who [was] not a Brimelow family member was a known contributor." *See id.*  The State

Supreme Court found that Defendant could "probe this contributor's compensation as part of

[her] investigation of conflicts of interest and board independence." *See id.*  The State Supreme

Court also found that Defendant could "seek the identities of other contributors to determine

whether further conflicts of interest [might] exist." *See id.*

      In addition, the State Supreme Court found VDARE's reliance on *Americans for

Prosperity Found. v. Bonta*, 141 S. Ct. 2373 (2021), unavailing because "[t]hat decision

concerned only donor disclosures in statewide annual filing requirements, while expressly

permitting subpoenas seeking the same information as part of a targeted investigation." *See id.* at

11-12 (citing *Ams. for Prosperity Found.*, 141 S. Ct. at 2386-87).  Moreover, the State Supreme

Court noted that Defendant had "indicated a willingness to enter into a stipulation/order of

confidentiality to further address any of [VDARE's] concerns. *See id.* at 12.  Finally, the State

Supreme Court found that VDARE had not presented any "compelling basis for a stay of [the]

special proceeding in its moving papers and acknowledged at oral argument that it had not

sought a stay of this proceeding from the Federal District Court." *See id.*

Based on these findings, the State Supreme Court ordered VDARE to "comply with the Subpoena, subject to the agreement of July 27, 2022, . . . that VDARE may redact the following from otherwise responsive material: (i) the names of any actual or anticipated private (nonVDARE) attendees present at VDARE events conducted at or broadcast from the 276 Cacapon Road, Berkley Springs, West Virginia Property; and (ii) donor-identifying information in any responsive record of private contributions to the organization and/or purchases from the October 16, 2021 'Castle Auction' (transaction amounts, dates, and other details must be disclosed)"; and "such redactions [were] without prejudice to [Defendant's] right to seek modification of these agreed redaction terms by written application to the Court on notice to VDARE"; and "on or before February 10, 2023, VDARE shall re-produce all hard copy documents previously produced to [Defendant], in a revised form that bears only those redactions outlined in the preceding paragraph or any additional redaction identified by VDARE in a written log that complies with the requirements of CPLR 3122(b); this production shall be accompanied by simultaneous delivery of the corresponding CPLR 3122(b) log"; and "on or before February 24, 2023, VDARE shall complete production of all responsive material contained in the universe of electronic files identified by its October 31, 2022 letter . . .; on or before February 24, 2023, VDARE shall provide a written log that complies with the requirements of CPLR 3122(b) to identify the redactions, if any, applied to such production[.]" *See id.* at 12-13.  Finally, the State Supreme Court directed that "the parties, if so advised, [might] forthwith enter into a Stipulation for the Production of Confidential Information pursuant to this order and submit said stipulation to be so-ordered by the court[.]"  *See id.* at 13.

After the State Supreme Court entered its Order, VDARE moved for a stay and interim relief pending appeal.  *See generally* Dkt. 35-10, VDARE's motion for a stay.  As grounds for its

motion, VDARE argued that (1) Defendant's demand for immediate disclosure of constitutionally protected information extraneous to any legitimate investigative need warranted the inference that Defendant's pursuit of VDARE was retaliation for VDARE's exercise of its constitutional rights, *see id.* at 8-15; (2) Defendant's erroneous challenge to the first-filed rule, *see id.* at 15-18; and (3) the State Supreme Court had unduly deferred to Defendant at the expense of VDARE's right to seek redress in federal court for the state's unconstitutional retaliation and demand for disclosures of constitutionally protected information extraneous to any truly overriding investigative need, *see id.* at 18-25..

In opposition to VDARE's motion for a stay, Defendant argued that the court should deny the stay pending appeal because VDARE was unlikely to succeed on the merits of its appeal; equitable factors weighed against staying the State Supreme Court's Order that VDARE comply with its outstanding Subpoena obligations, *i.e.*, VDARE would not be harmed – irreparably or otherwise – by complying with that Order and the relative hardships of the parties weighed in favor of denying VDARE's application. *See generally* Dkt. No. 35-11. New York State, Appellate Division, First Department, denied VDARE's motion for a stay pending appeal. *See generally* Dkt. No. 35-12.

On March 21, 2023, Plaintiff filed the pending motion for a preliminary injunction. *See* Dkt. No. 29.[2] Before it can address the merits of Plaintiff's motion, it must address whether the doctrine of *res judicata* bars the Court from granting the relief that Plaintiff seeks.

"To determine the effect of a state court judgment, federal courts . . . are required to apply the preclusion law of the rendering state[,]" in this case New York. *Conopco, Inc. v. Roll Int'l*,

---

[2] Plaintiff's motion also requested that the Court issue a temporary restraining order. After conferring with counsel, the Court denied that request. *See* Dkt. No. 32.

231 F.3d 82, 87 (2d Cir. 2000) (citations omitted).  Under New York's doctrine of *res judicata*, a "disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding[.]"  *Blue Sky, LLC v. Jerry's Self Storage, LLC*, 145 A.D.3d 945, 946 (2d Dep't 2016) (citations omitted).  Therefore, because Defendant is invoking *res judicata* in opposition to [VDARE's] motion for preliminary injunction, she must show "'(1) a final judgment on the merits, (2) identity or privity of parties, and (3) identity of claims in the two actions.'"  *Divito v. Glennon*, 193 A.D.3d 1326, 1328 (4th Dep't 2021) (quotation and other citations omitted).

In this case, there is no dispute that the State Supreme Court entered a final judgment when it compelled VDARE to comply with Defendant's Subpoena.  In fact, VDARE appealed that judgment and requested a stay pending the outcome of the appeal, which the Appellate Division denied.  There is also no dispute that the parties in the two actions are the same – VDARE and the Attorney General of the State of New York.  Thus, the only issue in dispute is the identity of the claims in this action and the state-court action.

As the court explained in *Trump v. Jones*, No. 1:21-cv-1352 (BKS/CFH), 2022 WL 1718951 (N.D.N.Y. May 27, 2022), "[a] 'final judgment' includes 'any judicial decision upon a question of fact or law which is not provisional and subject to change and modification in the future by the same tribunal.'"  *Id.* at *16 (quoting *Bannon v. Bannon*, 270 N.Y. 484, 489, 1 N.E.2d 975 (1936)).  "The 'final judgment on the merits' requirement may therefore be satisfied by a 'final order in a special proceeding [which] conclusively determine[s] every question at issue therein.'"  *Id.* (quoting [*Bannon*, 270 N.Y.] at 489-90, 1 N.E.2d 975 ("The essential element of a conclusive adjudication is finality of the proceedings.  A judicial decision can constitute a

conclusive adjudication of question of fact or law only when rendered in a proceeding in which a court had jurisdiction to render an irrevocable and final decision upon such question."); *see also Slater v. Am. Mineral Spirits Co.*, 33 N.Y.2d 443, 446, 354 N.Y.S.2d 620, 310 N.E.2d 300 (1974) (finding "no occasion" to "attach significance to any such distinction" between final orders and final judgments); *Sabatino v. Capco Trading, Inc.*, 27 A.D.3d 1019, 1020, 813 N.Y.S.2d 237 (3d Dep't 2006) ("[I]f finality is clear, the source of it should be secondary." (quoting Siegel, N.Y. Prac. § 444, at 751 [4th ed.])); *Aziz v. Butt*, 156 N.Y.S.3d 832, 73 Misc. 3d 1233A (Sup. Ct. Westchester Cty. 2021) (giving res judicata effect to prior special proceeding)).

Finally, Defendant argues that Plaintiff had a full and fair opportunity to litigate the propriety of Defendant's investigation in the New York proceeding. "In determining whether a claim 'could have been raised,' New York has adopted the 'transactional analysis approach.'" *Trump*, 2022 WL 1718951, at *18 (quoting *O'Brien*, 54 N.Y.2d at 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (citing *Reilly v. Reid*, 45 N.Y.2d 24, 407 N.Y.S.2d 645, 379 N.E.2d 172 (1978))). "Under this approach, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" *Id.* (quoting [*O'Brien*, 54 N.Y.2d at 357]). To determine whether claims arise out of the same transaction or series of transactions, a court must analyze "'whether the claims turn on facts that are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id.* (quoting *Simmons v. Trans Express Inc.*, 37 N.Y.3d 107, 111-12, 170 N.E.3d 733 (2021) (citations and internal quotation marks omitted)). "Th[is] approach is 'pragmatic and flexible.'" *Id.* (quoting [*Simmons*, 37 N.Y.3d at 111-12]).

In this case, all of VDARE's claims in this action arise out of Defendant's investigation into VDARE; and, therefore, those claims arise out of the same transaction or series of transactions as those involved in the State Supreme Court proceeding.  Moreover, it is beyond dispute that, if VDARE believed that Defendant's Subpoena was overbroad or unconstitutional, it could have brought a motion to quash or vacate that Subpoena in State Supreme Court challenging the validity of Defendant's Subpoena or her authority to issue that Subpoena.  Rather than do so, however, VDARE, at least initially, partially complied with the Subpoena. Moreover, in response to Defendant's filing of the special proceeding in State Supreme Court to compel VDARE to comply fully with the Subpoena, Plaintiff could have, and did, raise many issues in opposition to certain aspects of the Subpoena, including its constitutionality.

Finally, VDARE argues that it could not pursue an injunction in the State Supreme Court proceeding because Defendant was a "petitioner" in that special proceeding and CPLR § 3019 appears only to authorize a counterclaim against a "plaintiff."  *See* Dkt. No. 38 at 15.[3]  Although New York's "permissive counterclaim rule may save from the bar of res judicata those claims for separate or different relief that could have been but were not interposed in the parties' prior

---

[3] Defendant brought her petition in State Supreme Court pursuant to Article 4 of the N.Y. C.P.L.R.  In such a proceeding, the notes to N.Y. C.P.L.R. § 402 specifically provide that

> [t]he adverse party . . . must serve an answer, responding to the allegations of the petition.  CPLR 402.  Here again, the general pleading rules of CPLR Article 30 are applicable unless superseded by the statute governing the particular special proceeding.  In addition to denials and affirmative defenses (CPLR 3018), the respondent may assert any counterclaim against the petitioner, a point made clear by the reference in the second sentence of CPLR 402 to the requirement that a reply be served in response to a counterclaim.

N.Y. C.P.L.R. § 402 (C402:2 Answer).

action,' it does not allow a party 'to remain silent in the first action and then bring a second one on the basis of a preexisting claim for relief that would impair the rights or interests established in the first action.'" *Trump*, 2022 WL 1718951, at *18 (quoting *67-25 Dartmouth St. Corp. v. Syllman*, 29 A.D.3d 888, 889-90, 817 N.Y.S.2d 299 (2d Dep't 2006)). Even to the extent VDARE's federal claims are permissive counterclaims, they are not saved from the bar of *res judicata* because VDARE's claims for relief in this action would "impair the rights or interests established" in the subpoena enforcement proceeding. *Id.* (quoting [*67-25 Dartmouth St. Corp.*, 29 A.D.3d at 889-90]). Specifically, the State Supreme Court has determined that Defendant's Subpoena was authorized, she had the right to conduct the investigation, and VDARE must comply with the Subpoena. Clearly, an order from this Court enjoining Defendant's investigation, even temporarily, would impair those rights.

Although VDARE argues that the scope of the State Supreme Court special proceeding was narrow and that it did not have a full and fair opportunity to litigate its constitutional claims in that forum, it has not provided any authority to support its contention that the State Supreme Court did not "have the power to award the full measure of relief" it seeks or that there were any formal barriers to the assertion of its federal claims in the State Supreme Court proceeding; and the cases it cites for that proposition are distinguishable. In fact, the record clearly demonstrates that VDARE raised its constitutional claims in State Supreme Court in opposition to Defendant's petition. *See Trump*, 2022 WL 1718951, at *19 (*cf. Exxon Mobil Corp*, 28 F.4th at 400 (noting that the "specific relief that Exxon now claims was available only in federal court – namely, an injunction prohibiting pretextual investigations and ending the Massachusetts Attorney General's investigation – was equally available in state court."); *Temple of Lost Sheep Inc. v. Abrams*, 930 F.2d 178, 184 (2d Cir. 1991) (noting that the district court judge "properly found" that the federal

plaintiffs "[could] adequately raise their [Section 1983] constitutional challenges to the Attorney General's conduct in pending state proceedings" involving a motion to compel compliance with subpoenas and a cross-motion to quash)).

With regard to VDARE's argument that the Court should not apply *res judicata* because this action preceded the filing of Defendant's state-court special proceeding, there is no support for that argument. The law is clear that the sequence of the filing of the actions is not relevant to determining whether *res judicata* applies. As the court noted in *Forte v. Kaneka Am. Corp.*, although "it is true that the present action cannot be classified as 'future litigation on the same cause' because it was pending when the stipulations were entered into, for purposes of res judicata the effective date of a final judgment is the date of its rendition, without regard to the date of commencement of the action in which it is rendered or the action in which it is to be given effect[.]" *Forte v. Kaneka Am. Corp.*, 110 A.D.2d 81, 86 (2d Dep't 1985) (citing *Williams v. Ward*, 556 F.2d 1143, 1154; Restatement [Second] of Judgments § 14 comment a).

Furthermore, Comment a to the Restatement (Second) of Judgments § 14 provides as follows:

> [i]n order that a final judgment shall be given res judicata effect in a pending action, it is not required that the judgment shall have been rendered before that action commenced. Nor is a judgment, otherwise entitled to res judicata effect in a pending action, to be deprived of such effect by the fact that the action in which it was rendered was commenced later than the pending action. It is merely required that rendition of the final judgment shall antedate its application as res judicata in the pending action. Thus when two actions are pending which are based on the same claim, or which involve the same issue, it is the final judgment first rendered in one of the actions which becomes conclusive in the other action (assuming any further prerequisites are met), regardless of which action was first brought.

Restatement (Second) of Judgments, § 14, comment a; *see also Williams v. Ward*, 556 F.2d 1143, 1154 (2d Cir. 1977) (stating that "it is clear that even though the Southern District action

was filed before the Eastern District action, when the latter proceeded to final judgment first it became a bar to the former if the underlying claims are the same" (citing Restatement of Judgments s 43 (1943); Restatement of Judgments Second s 41.1 (Tentative Draft No. 1, March 28, 1973))).

A review of the State Supreme Court's decision/judgment makes clear that the State Supreme Court's decision was a final judgment on the merits of Defendant's petition to compel VDARE to comply with its Subpoena on the merits, that the parties in the State Supreme Court and in this case are the same, that the claims in both actions arise out of the same series of transactions and that VDARE raised or could have raised all of its constitutional claims in the special proceeding in State Supreme Court. Therefore, for all these reasons, the Court concludes that *res judicata* bars the relief that VDARE seeks in its motion for a preliminary injunction, *i.e.*, an order temporarily restraining and enjoining Defendant during the pendency of this action from enforcing the Decision and Order of the Appellate Division, First Department dated March 9, 2023, and entered on March 10, 2023, which reinstated the Order of the Honorable Sabrina Kraus, Justice of the Supreme Court of the State of New York, directing VDARE to comply with Defendant's Subpoena.

### III. CONCLUSION

Accordingly, after reviewing the entire file in this case, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that VDARE's motion for a preliminary injunction, *see* Dkt. No. 29, is **DENIED**; and the Court further

**ORDERS** that each of the parties may supplement their prior submissions supporting or opposing Defendant's motion to dismiss, to address the issue of the effect of *res judicata* on that

motion in a letter brief, not to exceed five pages, within thirty (30) days of the date of this

Memorandum-Decision and Order.

**IT IS SO ORDERED.**

Dated:  June 27, 2023
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge